UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE, et al.**, <br><br>   Plaintiffs, <br><br> vs. <br><br> **THE COLISEUM, INC.**, et al., <br><br>   Defendants. | **2:20-CV-10845-TGB-MJH** <br><br> **ORDER DENYING PLAINTIFF JANE DOE 4'S MOTION FOR CONDITIONAL CERTIFICATION (ECF NO. 32) AND GRANTING PLAINTIFF'S MOTION FOR EQUITABLE TOLLING AND EXPEDITED DISCOVERY (ECF NO. 52)** |

Defendant The Coliseum, Inc. is an adult entertainment business in Detroit, Michigan where Plaintiff Jane Doe 4 works as a dancer. Defendants Alan Markovitz and Laurie Saad own and operate The Coliseum and its successor entity, Defendant Coliseum Detroit LLC.[1] The other Plaintiffs in this case are also current or former dancers at The Coliseum. Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying them as independent contractors to evade minimum wage laws and unlawfully requiring them to pay Defendants' employees "kickbacks" using their tips. Plaintiff Jane Doe 4 filed a motion asking that the Court facilitate providing notice of this lawsuit to all similarly situated dancers so that they can decide

---

[1] For consistency, the Court refers to The Coliseum, Inc., Coliseum Detroit LLC, and Defendant Markovitz's company, Defendant M&M Zin Enterprises, Inc., as "The Coliseum" or "Defendants."

whether to join as plaintiffs in this case as a proposed collective action under the FLSA. For the reasons set forth below, the motion will be denied without prejudice, a brief period of discovery will be ordered, and equitable tolling will be granted as to the claims of any putative plaintiffs from the date of the original filing of the motion for certification until the date that the Court rules on Plaintiffs' renewed motion for certification.

## I. BACKGROUND

Plaintiff Jane Doe 4[2] is a dancer for The Coliseum, an adult entertainment business in Detroit owned and operated by Defendants Alan Markovitz and Laurie Saad. Third Am. Complaint, ECF No. 45, PageID.853–54. The other Plaintiffs in this case, Jane Does 1-3, are also current and former dancers at The Coliseum. Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") alleging that Defendants misclassified them as independent contractors when they were employees entitled to minimum wage law protections. Mot. for Conditional Cert., ECF No. 32, PageID.307. Plaintiffs also contend that Defendants coerced them into giving portions of their tips as "kickbacks"

---

[2] In December 2020, Plaintiff Jane Doe 4's case, Case No. 20-12981, was consolidated with the lead case filed by Jane Does 1-3, Case No. 20-10845. Jane Doe 4 filed two amended complaints on her own behalf after consolidation. ECF Nos. 15, 45. Because Jane Doe 4 has filed the present motion for conditional certification and issuance of notice, the Court relies on the allegations contained in her third amended complaint, but refers to "Plaintiffs" when discussing issues relevant to all Plaintiffs.

to other employees including managers, bouncers, disc jockeys, and house mothers. *Id.* at PageID.309–10.

Furthermore, Plaintiffs explain that Defendants' misclassification and kickback policies applied to "dozens of other dancers" who worked at The Coliseum in recent years. *Id.* at PageID.310. In moving for issuance of notice to the proposed FLSA collective, Jane Doe 4 argues that she and the other plaintiffs are sufficiently "similarly situated," to all of The Coliseum's dancers to warrant proceeding as a collective as allowed under FLSA. Jane Doe 4 details how Defendants "exerted significant power over Plaintiff and other dancers" by closely regulating their pay, directing their work, and refusing to recognize them as employees. *Id.* at PageID.308–10.

While Jane Doe 4's motion was pending, the Sixth Circuit decided *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). The *Clark* decision substantially altered the showing of proof that a plaintiff must present in order to justify authorizing court-facilitated notice of the action to others as similarly situated parties. Specifically, the court abandoned the commonly used "two-step 'certification' approach" in which a court would first decide whether "conditional certification" was appropriate using a "lenient standard" to determine if the proposed collective is "similarly situated" to the plaintiff. *Id.* at 1008–09. If this "modest factual showing" could be made, the second step would

3

require the court to "take[] a closer look at whether those 'other employees' are, in fact, similarly situated to the original plaintiffs" before granting "'final certification' for the case to proceed to decision as a collective action." *Id.* at 1008.

For reasons that are not entirely clear, the *Clark* court likened issuance of notice in an FLSA case to "a court's decision whether to grant a preliminary injunction." 68 F.4th at 1010. While conceding that three out of the four elements necessary for a preliminary injunction were not applicable to the FSLA context, *Id.* at 1011, the court nonetheless found that the "strong likelihood of success on the merits" element should be adopted as the standard required to show whether other potential plaintiffs are sufficiently similarly situated to the named plaintiffs; thereby providing justification for court-issued notice to the other potential plaintiffs and the opportunity to join the collective action. The Sixth Circuit held "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.*

In light of *Clark*, this Court ordered the parties to file supplemental briefing to address whether the Court should issue notice under this new standard. The parties completed their briefing on June 22, 2023.

## II. LEGAL STANDARD

The FLSA permits employees to bring suit for violations of the statute on behalf of themselves "and other employees similarly situated."

4

29 U.S.C. § 216(b). But a potential plaintiff may only join an FLSA collective action if they "give[] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Accordingly, a court must facilitate notice of a putative FLSA collective action so that potential plaintiffs may "opt in" to the suit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "[F]or a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark*, 68 F.4th at 1011. The "strong likelihood" standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.*

Importantly, "[a]t the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011); *see also Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich. 2010) (Edmunds, J.). The Court's primary concern when considering issuance of notice, therefore, "is whether the plaintiffs should be permitted to bring their claims of liability and damages as a group based on representative, rather than personal, evidence." *Pierce v.*

5

*Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019). To assess whether there is a strong likelihood that other employees are similarly situated to the plaintiffs, the Court considers: "(1) 'the factual and employment settings of the individual[] plaintiffs,' (2) 'the different defenses to which the plaintiffs may be subject,' and (3) 'the degree of fairness and procedural impact of certifying the action as a collective action.'" *Id.* (alteration in original) (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

## III. DISCUSSION

### A. Application of the *Clark* Standard

After reviewing the Declaration of Jane Doe 4, the attachments to the complaint, and the allegations in the amended complaint, the Court concludes that Jane Doe 4 has not yet demonstrated a strong likelihood of similar-situatedness exists between herself and the potential collective of workers for whom she seeks court-issued notice. Three post-*Clark* opinions from district courts within the Sixth Circuit, *Teran v. Lawn Enf't Inc.*, No. 22-02338, 2023 WL 4948009 (W.D. Tenn. Aug. 1, 2023), *Shoemo-Flint v. Cedar Fair, L.P.*, No. 22-1113, 2023 WL 4235541 (N.D. Ohio June 28, 2023), and *Foley v. Wildcat Investments, LLC*, 21-5234, 2023 WL 4485571 (S.D. Ohio July 12, 2023) illustrate why—providing a continuum for this Court to position *Doe* along, then assess against.

6

The *Teran* court, reconsidering its pre-*Clark* approval of court-facilitated notice under the newly established heightened standard, upheld its prior order—concluding there existed "a strong likelihood…the potential opt-in plaintiffs are sufficiently similarly situated to the Plaintiffs" 2023 WL 4948009 at *3. As justification for this decision, the court pointed towards the "detailed experiences of the eight individual Plaintiffs" presented in the amended complaint, "including their dates of employment, whether they worked over forty hours a week and whether they were paid appropriate overtime wages," and a declaration by a management-level plaintiff attesting that he "personally witnessed Defendants pay all hourly-employees using the same illegal pay scheme." *Id.*

In *Shoemo-Flint v. Cedar Fair, L.P.*, the plaintiff, a server at the Defendant's restaurant, contended that the Defendant "maintain[ed] a policy and practice of requiring servers to perform 'side work'[3]…that [was] not tip-producing," thereby "willfully failing to pay the applicable minimum wage" in violation of FLSA. 2023 WL 4235541 at *1. As part of her suit, the plaintiff sought court-facilitated notice to the proposed collective of "[a]ll current and former tipped servers employed by

---

[3] Examples of such side work include "setting tables, making coffee, restocking glasses, cups and dishes, refilling salt and pepper shakers, refiling and setting condiments, rolling silverware, setting tables, clearing tables, putting up and taking down chairs, sweeping, cleaning, and other miscellaneous tasks." 2023 WL 4235541, at *1

7

Defendant at any time during the three years prior to the date of filing th[e] Complaint and continuing through the conclusion of th[e] matter." *Id.* at *3. Instead, granting the Defendant's motion to strike the class and collective action allegations, the court remarked: "[Plaintiff] alleges only that she was 'employed by Defendant within the last three years…[t]here is no indication in the Complaint when she began working for Defendant, how long she worked for Defendant, or whether she still works for Defendants. She asserts she is similarly situated to other employees who worked as servers for Defendant, but this is no more than a legal conclusion. At most, Plaintiff alleges other servers who also worked for Defendant during the…period in which she worked for Defendant were subject to the same impermissible policy and practice." *Id.*

Likewise, in *Foley v. Wildcat Investment*, the district court also determined the plaintiff failed to meet the *Clark* standard for lack of sufficient proof showing a strong likelihood that he was similarly situated to other potential plaintiffs. 2023 WL 4485571. The Plaintiff sought court-facilitated notice to "all delivery drivers employed by Wildcat Investments, LLC, since November 5, 2018," relying solely "on the pleadings and the exhibits attached to his Motion." *Id.* at *3. The district court declined to consider the Plaintiff's unverified complaint when making its evaluation, citing *King v. Harwood*. 852 F.3d 568, 578 (6th Cir. 2017) (allegations in an unverified complaint are not admissible

8

evidence). Turning then to the attached exhibits, the court found that only the Plaintiff's declaration "addresse[d] the issue of similarly situatedness." 2023 WL 4485571, at *3.

But the court found that declaration insufficient "for at least two reasons." *Id.* First, the Plaintiff's "testimony about the pay practices for other drivers at the stores where he worked [was] based on hearsay…what [Plaintiff] knows about how those other drivers were paid is from discussions he had with unnamed drivers at unknown times." *Id.* (citing *Lansberg v. Acton Enters.*, 2006 WL 3742221, at *3 (S.D. Ohio 2006) (two affidavits based on hearsay provide no 'colorable basis' for issuing notice to other employees). Second, the Plaintiff had "no knowledge or information as to the pay practices at any other store location." "To warrant a finding that similarly situated employees exist, a plaintiff's declaration must at least allege facts sufficient to support an inference that []he has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." *Id.* (citing *O'Neal v. Emery Fed. Credit Union*, 2013 WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013)). As the Plaintiff only learned of the Defendant's other store locations by overhearing conversations between members of management, there was nothing to support the inference that he possessed any knowledge about how drivers at those locations were paid. *Id.*

9

With these cases in mind, the Court considers whether the Plaintiffs here have met *Clark*'s "strong likelihood" standard. Jane Doe 4 moves to send potential plaintiffs court-facilitated notice, with the collective to be defined as "[a]ll current and former exotic dancers who worked at The Coliseum in Detroit, Michigan at any time starting three years before the Original Complaint in this matter was filed and who did not opt-in to *Does v. Coliseum Bar & Grill, Inc.*, No. 17-12212 (E.D. Mich. Filed July 6, 2017)." Mot. for Conditional Cert., ECF No. 32, PageID.309-10.

Defendants opposes the Motion on the basis that "[n]either Plaintiff's original Motion or her Supplemental Briefing present sufficient evidence" to establish there is a 'strong likelihood' that the other potential plaintiffs are similarly situated." ECF No. 49, PageID.913. This argument is referenced and reiterated in Defendants' Response to Mot. for Equitable Tolling and Immediate Commencement of Discovery. ECF No. 53. PageID.996.

Plaintiff Jane Doe 4 alleges that "she was treated as an independent contractor and not as an employee," "she was not paid a minimum wage," and "[a] portion of her tips are taken for the benefit of [Defendant] to pay bouncers, deejays, parking valets, house mothers, and

others."[4] Plaintiff's Second Reply in Support of Court Supervised Notice and Tolling, ECF No. 50, PageID.922. Plaintiff Jane Doe 4 asserts that Defendants "treats all dancers similarly and pays (or fails to pay) all dancers similarly," consequently, she contends that her experiences must be representative of those of all other dancers. *Id*. Taking these statements as true, it would follow that the potential opt-in plaintiffs are indeed similarly situated, or—at least— there is a 'strong likelihood' such is the case.

Yet, as in *Foley*, it appears that—beyond the repetition of claims made in Plaintiffs unverified complaint, which the Court will not factor into its present examination—the only evidentiary support for Jane Doe 4's position comes from her declaration. ECF No. 32-2. While the declaration may have met the prior 'lenient' standard, it is not enough to indicate the "strong likelihood" of similar situatedness now required by *Clark*.

As such, Plaintiff's Motion for Conditional Certification and Issuance of Notice (ECF No. 32) is **DENIED** without prejudice.

### B. Expedited Discovery

Both parties have expressed that they are keen to resolve this litigation expeditiously. *See* Plaintiff Jane Doe's 4 Motion for Equitable

---

[4] Plaintiff notes that these allegations are not disputed by Defendants. ECF. No. 50, PageID.922.

Tolling & Immediate Commencement of Discovery, ECF No. 52, PageID.985 ("This action was first filed *nearly three years ago*…"); Defendant's Response to Plaintiff's Motion, ECF No. 53, PageID.994 ("This case has been pending *since April 2020*…"). And as Defendant is acutely aware, "the Sixth Circuit recently [and] dramatically changed the legal standard governing the issuance of notice of a [FLSA] suit." *Id.* at PageID.996. As a consequence, this Circuit's district courts are adapting their jurisprudence so as to best implement the new *Clark* standard. In applying this standard, "district courts should expedite their decision to the extent practicable," and "[t]o that end…may promptly initiate discovery relevant…including if necessary by 'court order.'" *Clark* at 1011 (citing Fed. R. Civ. P. 26(d)(1)); *see Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) ("District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets.").

Therefore, the Court concludes that a period of expedited discovery, during which either party may gather evidence and information that the party reasonably believes is relevant to the 'similarly situated' inquiry, would be appropriate. *See McCall v. Soft-Lite, LLC.*, 2023 WL 4904023, at *8 (N.D. Ohio, Aug. 1, 2023); *McElroy v. Fresh Mark, Inc.*, 2023 WL 4904065, at *8 (N.D. Ohio, Aug. 1, 2023); *Jones v. Ferro Corp.*, 2023 WL

12

4456815, at *5 (N.D. Ohio, July 11, 2023). In furtherance thereof, the Parties are to follow the below schedule:

| **Expedited Discovery Plan** | **Deadline** |
|---|---|
| Service of expedited discovery: | Within 14 days of the date of this Order. |
| Responses to expedited discovery: | Within 45 days of the date of service of expedited discovery. |
| Completion of all expedited discovery (including any limited depositions): | Within 90 days of the date of this Order. |
| Plaintiff's Motion for Court-Facilitated Notice ("CFN"): | Within 120 days of the date of this Order. |
| Defendant's Opposition to Plaintiff's Motion for CFN: | As provided under the Federal Rules of Civil Procedure |
| Plaintiff's Reply in Support of CFN: | As provided under the Federal Rules of Civil Procedure |

### C. Equitable Tolling

The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *Truitt v. Cnty. Of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Several district courts have rejected equitable tolling on the grounds that the plaintiffs seek such relief not for themselves, but rather on behalf of the potential opt-in plaintiffs who are not yet part of the case; others have seen fit to toll the statute of limitation for potential opt-in FLSA plaintiffs. *See Kampfer v. Fifth Third Bank*, 2016 WL 1110257, at

13

\*7 (N.D. Ohio Mar. 22, 2016) (collecting cases). The importance of equitable tolling in the context of FLSA cases that will now be delayed due to the higher standard of proof created by *Clark* was recognized in the concurring opinion of Judge Bush in that very case, who felt the need to write separately "because equitable tolling should be made available to plaintiffs under the Fair Labor Standards Act (FLSA)…" 68 F.4th at 1012.

Given the circumstances of this case, which has already experienced delays, the Court concludes that granting equitable tolling is appropriate. Potential opt-in plaintiffs should not be penalized due to unnecessary delays in identifying them. *Torres v. Vitale's Italian Rest., Inc.*, 2021 WL 5628781, at \*4 (W.D. Mich. Apr. 9, 2021). Equitable tolling is "appropriate when potential opt-in plaintiffs' claims diminish[] and expire[] by the day without them having any actual knowledge of the pending action." *Kutzback v. LMS Intellibound, LLC*, 233 F.Supp.3d 623, 630 (W.D. Tenn. 2017).

Deeming equitable tolling appropriate, the Court must now determine the amount of time to toll the statute of limitations. Some courts toll from the date the plaintiff files a motion for conditional certification. *See id.* at 631-32. Others choose to toll when there is an unreasonable delay in resolving the motion. *See Betts v. Central Ohio Gaming Ventures, LLC.* 351 F.Supp.3d 1072 (S.D. Ohio 2019). Here, the

14

Court agrees with the former group's methodology. *See also Torres*, 2021 WL 5628781, at *5 ("The Court considers filing of the motion for conditional certification as analogous to the filing of a complaint on behalf of the opt-in plaintiffs; the time it takes a court to determine the issues raised in a motion for conditional certification should not determine whether a litigant's claim is timely or untimely."). The statute of limitations in this case is tolled for the period between January 6, 2023, and such date when the Court rules on Plaintiff's forthcoming Motion for Court-Facilitated Notice.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Conditional Certification and Issuance of Notice Pursuant to 29 U.S.C. 216(b) (ECF No. 37) is **DENIED** without prejudice.

Plaintiff's Motion for Equitable Tolling and Immediate Commencement of Discovery is **GRANTED** in part.

The statute of limitations in this case is tolled from January 6, 2023, until such date that the Court rules on Plaintiff's forthcoming Motion for Court-Facilitated Notice.

Parties are **HEREBY ORDERED** to immediately commence expedited discovery relevant to the 'similarly situated' inquiry. In so doing, the parties are expected to follow the Expedited Discovery Schedule included above.

The Court will set a case management conference by separate order to discuss the schedule with the parties.

**IT IS SO ORDERED.**

Dated: September 30, 2023      s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE