UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE, et al.,**  Plaintiffs,  v.  **THE COLISEUM, INC., et al.,**  Defendants. | 2:20-CV-10845-TGB-MJH  HON. TERRENCE G. BERG  **ORDER APPROVING FLSA SETTLEMENT AND DISMISSING DEFENDANTS ALAN MARKOVITZ, M &M ZIN, & COLISEUM, INC. WITH PREJUDICE** |

Jane Doe 4 ("Named Plaintiff") and Defendants Alan Markovitz, M&M Zin, and Coliseum Inc. ("Markovitz Defendants") have notified the Court that those respective parties have settled the claims against the Markovitz Defendants. The settlement exempts, without prejudice to, the pending claims against Defendants Laurie Sadd and Coliseum Detroit LLC.

## I.   DISCUSSION

On November 6, 2020, Plaintiff Jane Doe 4 filed a Class and Collective Action Complaint against Defendants on behalf of themselves and other similarly situated individuals who allegedly worked for Defendants. *See* Case No. 20-cv-12981, ECF No.1. Subsequently, on December 21, 2020, that matter was consolidated with the pending action before the Court: Case No. 2:20-cv-10845 ("Litigation").

1

In the Litigation, Named Plaintiff alleged that Defendants misclassified dancers as Independent Contractors, failed to pay any wages to the dancers they employed, and required dancers to pay monetary fees from their tips in violation of the Fair Labor Standards Act and the Michigan Minimum Wage Law. Named Plaintiff alleged for herself and others similarly situated that collective and class members are entitled to payment for unpaid minimum wage, unlawful tip deductions, unpaid work hours, and an additional equal amount as liquidated damages.

Defendants timely filed their answer and affirmative defenses, in which they denied all material allegations of the Litigation and asserted relevant affirmative defenses, including that Defendants did not willfully violate the law and at all times acted on a good faith interpretation and understanding of applicable law. Defendants contest each claim asserted by Plaintiffs in the Litigation.

The Plaintiff and Markovitz Defendants, pursuant to an arbitration agreement, stipulated to stay the Litigation as to the Markovitz Defendants and submit the dispute to binding arbitration. *Litigation*, ECF No. 20.

Based upon their analysis and evaluation of a number of factors, the Plaintiff and Markovitz Defendants recognize the substantial risks of continued litigation, including the possibility that the litigation, if not

settled now, might not result in any recovery whatsoever, or might result in a larger or lesser recovery.

Named Plaintiff and the Markovitz Defendants, by and through their respective counsel, have engaged in settlement discussions, including private mediation. The Markovitz Defendants have maintained throughout that they are not proper Defendants, represented they are no longer owners or operators (if they ever were) of the Coliseum Club, and elected to settle the Litigation pursuant to the terms set forth in the Confidential Settlement Agreement attached as Exhibit 1, which has been submitted to the Court for in camera[1] approval.

Plaintiffs' Counsel have analyzed and evaluated the merits of the claims made against Markovitz Defendants and the impact of the Agreement on the Named Plaintiff and the Opt-In Plaintiffs. Plaintiffs' Counsel and Named Plaintiff are satisfied that the terms and conditions

---

[1] The Court reviewed the agreement in camera due to the Parties agreeing on confidentiality of the terms of the settlement and the Court having found sufficient cause to keep the terms of the agreement confidential. *See Griffin v. Lady Jane's Haircuts for Men Holding Co., LLC*, No. 18-CV-11075, 2019 WL 2135648 (E.D. Mich. May 15, 2019)(approving FLSA settlement agreement review in camera); *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186 (E.D. Mich. July 31, 2015)(granting motion to approve FLSA settlement agreement filed under seal)*; Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960 (E.D. Mich. 2021)(approving FLSA settlement agreement with settlement amounts and other terms redacted); *see also, Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-CIV, 2018 WL 6620872 (S.D. Fla. Nov. 16, 2018) (granting motion for in camera inspection of an FLSA settlement agreement).

of this Agreement are fair, reasonable, and adequate, and that this Agreement represents a reasonable compromise of disputed claims, which is in the best interest of all Plaintiffs.

Plaintiff and the Markovitz Defendants stipulate that the settlement may not fully compensate Plaintiff for the full amount she is allegedly owed, yet it is a fair and reasonable resolution of the claims as to the Markovitz Defendants.

The Court has carefully reviewed the Parties' Settlement Agreement and the record and finds it to be a fair and reasonable compromise of all claims and an appropriate award of attorneys' fees and costs.

## II. CONCLUSION

Therefore, the following is **ORDERED** by the Court:

(a) The proposed Settlement is fair and reasonable as an individual settlement as to the Markovitz Defendants;

(b) The Court approves and adopts the Settlement Agreement and Named Plaintiff and Markovitz Defendants shall be bound by the Settlement Agreement; and

(c) The Court dismisses claims against the Markovitz Defendants with prejudice, with each side to bear their own fees and costs unless otherwise agreed. The Court retains jurisdiction to enforce the terms of the Parties' settlement agreement.

(d) This Order is without prejudice to claims in this action as to

4

Defendants other than the Markovitz Defendants, which remain before this Court.

Dated: July 3, 2024    BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

**Stipulated as to form and substance:**

| BLANCHARD & WALKER, PLLC | LAW OFFICE OF ANDREW BEAN |
|---|---|
| /s/ David M. Blanchard<br>David M. Blanchard (P67190)<br>Kelly R. McClintock (P83198)<br>221 N. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 929-4313<br>blanchard@bwlawonline.com<br>mcclintock@bwlawonline.com | /s/ Andrew Bean *with consent*<br>Andrew Bean (P42941)<br>12001 Levan Road<br>Livonia, MI 48150<br>(248) 613-7231<br>andrew@ajbeanlaw.com |
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEY FOR MARKOVITZ DEFENDANTS* |

Dated: May 30, 2024