UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE, *et al.*,**<br>Plaintiffs,<br>vs.<br>**COLISEUM DETROIT LLC, d/b/a THE COLISEUM and LAURIE SAAD,**<br>Defendants. | **2:20-CV-10845-TGB-MJH**<br>HON. TERRENCE G. BERG<br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS (ECF NO. 98)** |

Before the Court is Plaintiffs' Unopposed Motion for Approval of FLSA Settlement and for Attorneys' Fees and Costs. ECF No. 98. The Court held a hearing on Plaintiffs' motion on August 19, 2026, at which counsel for Plaintiffs and Defendants appeared and argued. For the reasons discussed below, the Court will **GRANT** Plaintiffs' unopposed motion and approve the settlement.

## I. BACKGROUND

### A. Procedural Background

On April 2, 2020, Plaintiff Jane Doe 1 filed a Collective Action Complaint in the Eastern District of Michigan against Defendants The Coliseum, Inc. and Alan Markovitz alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Plaintiff alleged that she was employed by Defendants as an exotic dancer to perform for Defendants' customers at the Defendants' adult

entertainment establishment in Detroit and that she was misclassified as an independent contractor and not paid a minimum wage and overtime premium for hours worked in excess of 40 hours per week. *Id.*

Plaintiff Jane Doe 4 filed a separate Collective Action Complaint on November 6, 2020 in the Eastern District of Michigan against the same Defendants alleging violations of the FLSA and applicable state wage and hour laws. *Doe v. The Coliseum, Inc., et al.*, Case No. 20-12981, ECF No. 1. On December 21, 2020, that case was consolidated with this case, ECF No. 13, and part of the case was sent to arbitration with separate defendants, while the remainder of the case proceeded to litigation before this Court.

Plaintiffs filed a Second and then Third Amended Complaint. ECF Nos. 24, 45. The Third Amended Complaint, filed on April 19, 2023, named the current Defendants Coliseum Detroit, LLC and Laurie Saad (collectively, "Defendants") as defendants and alleged violations of the FLSA and applicable state wage and hour laws. Third Am. Compl., ECF No. 45. Defendants filed an their Answer to the Third Amended Complaint on May 3, 2023, denying the allegations and denying that they were liable for any purported legal violations. ECF No. 47.

On February 27, 2024, Plaintiff Jane Doe 4 filed her Renewed Motion for Issuance of Court Supervised Notice Pursuant to 29 U.S.C. § 216(b). ECF No. 67. Plaintiff moved for an Order allowing Court-supervised notice of this action to be sent to members of the proposed

Collective informing them of their right to opt-in to this action, seeking notice to the following collective:

> All current and former exotic dancers who worked at The Coliseum in Detroit, Michigan at any time starting three years before the Original Complaint in this matter was filed and who did not opt-in to *Does v. Coliseum Bar & Grill, Inc.*, No. 17- 12212 (E.D. Mich. Filed July 6, 2017).

*Id.* PageID.1336.

The Court granted that motion on September 30, 2024. ECF No. 73.

Pursuant to that Order, Plaintiff sent notice to approximately 200 putative collective members by mail on October 24, 2024, and in addition Defendants posted notice in the workplace throughout the notice period. ECF No. 98, PageID.1771. At the close of the notice period on January 13, 2025, ten individuals had joined this case as Opt-In Plaintiffs. ECF Nos. 74–77. Over the course of the litigation, three Opt-In Plaintiffs withdrew. ECF No. 81. Thus, at present there are eight Plaintiffs in the case, including Named Plaintiff Jane Doe 4.

After the notice period closed, the Parties conducted additional discovery. The Parties then appeared for a settlement conference with Magistrate Judge Anthony P. Patti on January 27, 2026, February 17, 2026, and again on March 10, 2026. On March 10, 2026, the Parties were able to agree to broad settlement terms, which terms were placed on the record.

## B. The Settlement Agreement

### 1. Settlement amount and allocation of funds

The parties submitted a copy of the Settlement Agreement to the Court for its review. Pursuant to the Settlement Agreement, Defendants have transferred the total Settlement Amount into Plaintiffs' counsel's IOLTA account for distribution, after entry of an Order of the Court approving this Settlement, in exchange for a release and dismissal of this action. The Gross Settlement Amount includes all settlement amounts to all FLSA Collective Members, attorneys' fees, and out-of-pocket litigation expenses.

The Settlement Agreement provides for up to one-third of the Gross Settlement Amount in attorneys' fees and out-of-pocket litigation expenses. To date, Plaintiffs have incurred $8,237.89 in costs.

### 2. Allocation formula

As Plaintiffs' counsel explained at the hearing, Defendants did not provide Plaintiff's Counsel with schedules or payroll data. Declaration of Kelly McClintock ("McClintock Decl.") ¶ 18, ECF No. 98-2. Plaintiffs' Counsel instead interviewed Named Plaintiff and the Opt-in Plaintiffs and thereafter developed a damages model to reasonably estimate the total hours worked, including overtime hours, by each collective member. *Id*. Plaintiffs' damages model considered a three-year statutory period based on the filing date of this action for all Opt-in Plaintiffs. *Id*.

The Gross Settlement Amount will be distributed through Plaintiffs' Counsel and represents $2,500.00 per person to Named Plaintiff and each Opt-in Plaintiff, with the net settlement amount awarding the Named Plaintiff and each Opt-in Plaintiff $7,303.60 on average. *Id.* ¶ 20. Specifically, attorney fees and costs combined represent $41,571.22. The $2,500 minimum per Plaintiff adds up to $20,000. Less attorney fees and costs and the minimum payment to each Plaintiff leaves $38,428.78 for a pro-rata distribution to each Plaintiff commensurate with reported weeks worked for Defendants.

The amount Plaintiffs' Counsel anticipates awarding to Named Plaintiff and subsequent Opt-in plaintiffs are as follows:

| **Plaintiff** | **Total Reported Weeks Worked** | **Pro-rata Distribution** | **Minimum Payment** | **Total** |
|---|---|---|---|---|
| Jane Doe 4 | 17.36 | $1,141.47 | $2,500 | $3,641.47 |
| Opt-in Plaintiff 1 | 26 | $1,709.58 | $2,500 | $4,209.58 |
| Opt-in Plaintiff 2 | 21.7 | $1,426.84 | $2,500 | $3,926.84 |
| Opt-in Plaintiff 4 | 55 | $3616.42 | $2,500 | $6,116.42 |
| Opt-in Plaintiff 7 | 139 | $9,139.69 | $2,500 | $11,639.69 |
| Opt-in Plaintiff 8 | 95.38 | $6,271.54 | $2,500 | $8,771.54 |
| Opt-in Plaintiff 9 | 52 | $3,419.16 | $2,500 | $5,919.16 |
| Opt-in Plaintiff 10 | 178 | $11,704.06 | $2,500 | $14,204.06 |

### 3. Released claims

Plaintiff and the FLSA Collective Members will release Defendants from/for all known and unknown claims that were or could have been asserted in Plaintiffs' Complaint based on the facts alleged and that arose prior November 6, 2020. This includes claims under state and federal law for unpaid overtime wages, related claims for record-keeping penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

## II. LEGAL STANDARD

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Snook v. Valley OB–Gyn Clinic, P.C.,* No. 14-cv-12302, 2015 WL 144400 at *1 (E.D. Mich. Jan.12, 2015) (Ludington, J.). "Before this Court can approve the settlement of Plaintiffs' FLSA claims, the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Lakosky v. Discount Tire Co.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015) (Cox, J.). A bona fide dispute has to do with whether some issue of the employer's liability is "actually and reasonably in dispute." *Snook*, 2015 WL 144400, at *1. *See also O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780, at *7 (W.D. Tenn. Dec. 22, 2020).

When considering whether the settlement is fair and reasonable, the Court takes into account the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation modified); *see also Mata v. STA Mgmt., LLC*, No. 19-11662, 2022 WL 8089058, at *2 (E.D. Mich. Oct. 14, 2022) (Edmunds, J.) (citing *Wolinsky* and analyzing these factors to conclude that the proposed FLSA collective settlement agreement was fair and reasonable).

Additionally, where the agreement includes the payment of attorney's fees, the Court must assess the reasonableness of that amount. *Mata*, 2022 WL 8089058, at *2 (citing *Wolinsky*, 900 F. Supp. 2d at 336).

## III. DISCUSSION

### A. The Court Approves the Settlement Agreement

Having reviewed the proposed Settlement Agreement submitted to the Court and Plaintiffs' unopposed motion, ECF No. 98, and hearing the argument of counsel at the hearing, the Court finds the settlement to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

First, there is a bona fide dispute over whether Plaintiff and the FLSA Collective Members were properly classified as independent contractors and compensated a minimum wage and paid overtime for all hours worked in excess of 40 hours per week under the FLSA. Defendants contend that Plaintiffs were properly classified and they dispute they violated the FLSA's provisions.

Second, the Court finds that the settlement is fair and reasonable taking into consideration the five factors set forth in *Wolinsky*, which all weigh in favor of finding the settlement fair and reasonable. First, the settlement award represents a fair and reasonable resolution of the dispute considering the disputed facts, the legal complexity of the case, and the collectability of the Defendants, given that The Coliseum is no longer in business. The Court finds that the formula used in this case to determine each FLSA Collective Member's settlement award appears to be fair and reasonable as each Member will receive a pro rata share from the Settlement Amount after attorneys' fees and costs. This factor supports approval of the settlement.

Second, the settlement will enable the Parties to avoid the anticipated burdens and expenses of continued protracted litigation. This case has been pending for over six years, and if litigation continued, the Parties would need to engage in extensive motion practice, which could result in further depositions and written discovery, and perhaps eventually a trial. In addition, as the Parties represented at the hearing,

payroll and other records are not necessarily available in this case and so extensive testimony would be necessary to establish the hours worked by each Plaintiff and to establish any defenses to Plaintiffs' claims. While the Parties each believe in their asserted litigation positions, they recognize the inherent risks in litigation. Thus, the second and third factors weigh in favor of approval of the settlement.

Next, the Parties engaged in extensive arm's-length negotiations with an experienced neutral mediator on at least three separate occasions, and continued negotiations to reach the settlement. The Parties were represented in this litigation and at the mediations by experienced counsel, and settlement was reached only after litigation, including discovery motions, depositions, and the closing of the Defendant business establishment. There is nothing suggesting the possibility of fraud or collusion between the Parties, and counsel for the Parties, and the Parties themselves, believe that the settlement is a fair and reasonable resolution of their dispute. Further, because this is an opt-in collective action, there are no absent class members to consider.

In summary, the settlement is fair and reasonable and represents a reasonable compromise of disputed issues. The Gross Settlement Amount represents approximately 68% of the Collective's potential FLSA damages, before attorneys' fees and costs, and the net amount compensates each Member about 40% or more of their unpaid wages. McClintock Decl. ¶ 20, ECF No. 98-2.

### B. The Court Approves the Requested Attorneys' Fees and Costs

The Settlement Agreement also contains provisions for attorneys' fees and costs of "up to one-third (1/3) of the Gross Settlement Amount." Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

The percentage-of-the-fund method set forth in the Settlement Agreement is regularly used and approved in wage and hour cases. *See Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. 1993) (Cleland, J.); *see also Mata*, 2022 WL 8089058, at *3 (approving fee award of one-third of the gross settlement amount); *Risbrook v. Blue Horseshoe Network, LLC*, No. 19-11262, 2020 WL 13441574 (E.D. Mich. Sept. 4, 2020) (Borman, J.) (approving an attorneys' fee award in an amount representing 31.5% of the gross settlement amount). In considering the reasonableness of the requested fees and costs, the Court is instructed to consider the following six factors:

> 1) the value of the benefits rendered to the [class], 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the

> services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis [(the lodestar cross-check)], 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (citations omitted).

All of the *Ramey* factors weigh in favor of finding the requested fee award reasonable. Plaintiffs' counsel's work resulted in a significant benefit for the Collective Class Members while eliminating the risks and costs of continued litigation. Plaintiffs' counsel took this case solely on a contingency-fee basis and advanced substantial out-of-pocket expenses, actively litigating this case for over six years, despite the uncertainty of the outcome. Without this collective lawsuit, it is unlikely these individuals would have had the resources to pursue their claims or received a similar recovery. The litigation was complex and time-consuming and counsel on both sides of the dispute are experienced and qualified. Society has a stake in rewarding attorneys who take on this type of case.

In addition, the fees requested are comparable to fees awarded in similar cases, as courts routinely approve attorney fees' in the amount of one-third of the settlement fund. *See, e.g., Warner v. Havar*, No. 2:23-cv-1512, 2024 WL 344117, at *2 (S.D. Ohio Jan. 30, 2024) (collecting cases holding that attorney's fees in the amount of one-third of the total FLSA Settlement Amount are reasonable); *Risbrook*, 2020 WL 13441574, at *7

("One-third of the common fund is a reasonable attorneys' fee award, 'and has been approved in similar FLSA collective actions[.]'").

The lodestar crosscheck further supports approval of the requested fees. The lodestar is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Lodestar multipliers may be applied to account for the risk that counsel assumes in undertaking a case, the quality of the work product, and the public benefit achieved. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Plaintiffs' counsel provided a summary chart of each attorney's and staff member's hourly rate and time spent on this case. McClintock Decl. ¶ 31, ECF No. 98-2. The total lodestar as of the date of the declaration was $82,158.50. Plaintiffs are requesting fees in the amount of $33,333.33, which represents a lodestar crosscheck less than that approved in other cases in this Circuit, where lodestar multipliers between 1 and 3 are common. *See Mata*, 2022 WL 8089058, at *3 (approving of a lodestar multiplier of 2.7); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 WL 5023950, at *5 (S.D. Ohio Oct. 17, 2018) (approving award of attorney's fees in wage and hour collective and class action at a 2.57 lodestar multiplier); *Castillo v. Morales, Inc.*, No. 2:12-cv-650, 2015 WL 13021899, at *7 (S.D. Ohio Dec. 22, 2015) (approving award of attorney's fees in wage and hour collective and class action at a lodestar multiplier of approximately 2.5, which "is typical of lodestar multipliers in similar cases"); *Lowther v. AK*

*Steel Corp.*, No. 1:11-cv-877, 2012 WL 6676131, *5 (S.D. Ohio Dec. 21, 2012) (approving a lodestar multiplier of 3.06 and citing cases that have approved lodestar multipliers of 4.3 and above).

Having considered the relevant factors, the Court approves the requested attorneys' fees award.

Plaintiffs also request out-of-pocket litigation expenses. ECF No. 98, PageID.1787. Plaintiffs confirmed at the hearing that the expenses sought total $8,237.89. McClintock Decl. ¶ 37, ECF No. 98-2. Those costs including filing fees, mediation costs, costs of service, and notice administration. *Id.* At the hearing, Defense Counsel stated that Defendants do not oppose either the request for attorneys' fees or costs. The request for out-of-pocket litigation expenses is also approved.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Parties' settlement is a fair and reasonable resolution of a bona fide dispute over FLSA issues and that Plaintiffs' requests for attorney fees and costs are reasonable and approved. The Court therefore **GRANTS** Plaintiffs' Unopposed Motion for Approval of FLSA Settlement and for Attorneys' Fees and Costs. ECF No. 98.

**IT IS FURTHER ORDERED** that:

1. This Order incorporates by reference the definitions in the Final Settlement Agreement and Release (the "Agreement") and all terms

defined therein shall have the same meaning in this Order as set forth therein.

2. The Parties' Settlement Agreement is hereby approved as a fair, equitable, and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA").

3. Plaintiff JANE DOE 4 is approved as Representative of the FLSA Collective.

4. The Gross Settlement Amount will be distributed through Plaintiffs' Counsel based on their damages model prepared using the estimated total hours worked, including overtime hours, worked by each collective member. Each Plaintiff will receive a minimum of $2,500. The remaining amount will be distributed on a pro-rata basis commensurate with the number of weeks reportedly worked. The total gross distribution amount is $58,428.78.

| **Plaintiff** | **Total Reported Weeks Worked** | **Pro-rata Distribution** | **Minimum Payment** | **Total** |
|---|---|---|---|---|
| Jane Doe 4 | 17.36 | $1,141.47 | $2,500 | $3,641.47 |
| Opt-in Plaintiff 1 | 26 | $1,709.58 | $2,500 | $4,209.58 |
| Opt-in Plaintiff 2 | 21.7 | $1,426.84 | $2,500 | $3,926.84 |
| Opt-in Plaintiff 4 | 55 | $3616.42 | $2,500 | $6,116.42 |
| Opt-in Plaintiff 7 | 139 | $9,139.69 | $2,500 | $11,639.69 |
| Opt-in Plaintiff 8 | 95.38 | $6,271.54 | $2,500 | $8,771.54 |

| | | | | |
|---|---|---|---|---|
| Opt-in Plaintiff 9 | 52 | $3,419.16 | $2,500 | $5,919.16 |
| Opt-in Plaintiff 10 | 178 | $11,704.06 | $2,500 | $14,204.06 |

5. Plaintiffs' unopposed request for attorney's fees in the amount of one-third of the Gross Settlement Amount, $33,333.33, and costs is approved. Costs amount to $8,237.89.

6. The Court directs that the settlement funds be distributed in accordance with the terms of the Settlement Agreement, as follows:

| | |
|---|---|
| Distribution to Plaintiffs | $58,428.78 |
| Costs | $8,237.89 |
| Attorneys' Fees | $33,333.33 |
| **TOTAL** | **$100,000.00** |

7. **IT IS HEREBY ORDERED** that this matter in its entirety is **DISMISSED WITH PREJUDICE** and without costs other than as provided herein.

8. **IT IS FURTHER ORDERED** that the opt-in claims are released.

9. **IT IS FURTHER ORDERED** that this is a final order and closes this case.

**IT IS SO ORDERED.** This case is now closed.

Dated: August 24, 2026

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE